UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VICTOR RIVERA,<br><br>Plaintiff,<br><br>v.<br><br>FIRST ADVANTAGE BACKGROUND SERVICES CORP. D/B/A PREMIER ADVANTAGE,<br><br>Defendant, | Civil Action No:_____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

NOW COMES, Plaintiff VICTOR RIVERA ("Mr. Rivera" or "Plaintiff") by and through his attorneys, JAFFER & ASSOCIATES, PLLC, and files this *Complaint* against Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP. D/B/A PREMIER ADVANTAGE, ("First Advantage" or "Defendant"), and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, 1334, and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate Court of competent jurisdiction.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391b(1), 28 U.S.C. § 1391b(2), and 28 U.S.C. § 1391b(3).

## PARTIES AND SERVICE

**Plaintiff Victor Rivera**

3. Plaintiff is a resident of Harris County, Texas.

4. At all times material hereto, Plaintiff is a "Consumer," as defined by 15 U.S.C. §

1681a(c).

**Defendant First Advantage Background Services Corp. d/b/a/ Premier Advantage**

5.     Defendant First Advantage is a "Consumer Reporting Agency" as defined by 15 U.S.C. § 1681a(f). Defendant may be served with process upon CORPORATION SERVICE COMPANY D/B/A CSC – LAWYERS INCO., its registered agent for service of process, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

6.     At all times material hereto, Defendant is a Consumer Reporting Agency who regularly engages in interstate commerce by and through the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports to third parties as said term is defined under 15 U.S.C. § 1681d.

7.     Among other things, Defendant sells background checks to employers for the use of deciding whether to offer employment to prospective employees or to take adverse action such as termination, failure to hire, or failure to promote. These reports are provided in connection with a business transaction initiated by the employer.

## FACTUAL ALLEGATIONS

8.     In June 2023, Plaintiff applied for an employment opportunity with FedEx Corporation ("FedEx") as a delivery driver.

9.     In June 2023, Plaintiff was offered the employment opportunity with Fedex contingent on Plaintiff passing his background check ordered through Defendant First Advantage.

10.     At some time in June 2023, Fedex requested a background check report on Plaintiff from Defendant First Advantage.

11.     In June 2023, Defendant First Advantage published Plaintiff's consumer background check report (the "Report") to FedEx.

12. In June 2023, Defendant First Advantage falsely and erroneously published in the Report that Plaintiff was listed on the National Sex Offender Registry (the "Registry"). See **Exhibit "A"**, a true and correct copy of the Report erroneously publishing that Plaintiff is on the Registry.

13. Plaintiff has never been arrested or convicted of a sexual-natured crime, nor has he ever been listed on the Registry.

14. The National Sex Offender Registry lists another individual named Victor Rivera and that person's criminal history was falsely or erroneously applied to Plaintiff's consumer reporting information within the Report published by Defendant. See **Exhibit "B",** a true and correct copy of the individual listed on the National Sex Offender Registry, and **Exhibit "C"**, Plaintiff's driver's license demonstrating that Plaintiff is not the same person as the individual shown on the Registry.

15. However, Defendant First Advantage failed to notify Plaintiff of potentially adverse information published in the Report, and failed to maintain up-to-date, complete, and accurate information utilized in the preparation of the Report.

16. Shortly after the publication of the Report, FedEx rescinded its employment offer, citing Plaintiff's false criminal history published by Defendant First Advantage listed on the Report.

17. Defendant First Advantage's erroneous publication of the Report is objectively likely to mislead intended users of Plaintiff's background check consumer reports.

18. Because of the erroneous information published by Defendant First Advantage on Plaintiff's background check consumer report, Plaintiff continues to suffer a range of actual damages including, without limitation, fear of loss of employment opportunities; actual loss of employment opportunities; loss of wages and benefits; loss of time and money trying to correct

his background check report; damage to his reputation; loss of sleep; lasting psychological damages; loss of capacity for enjoyment of life; and emotional distress including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

19. Therefore, Defendant First Advantage violated several provisions of the FCRA when they either willfully or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the Report and failed to notify Plaintiff of potentially adverse information contained in the Report.

## FIRST CAUSE OF ACTION
### Violation of the Fair Credit Reporting Act
### Negligent Violation of 15 U.S.C. § 1681e(b) as to Defendant First Advantage

20. Plaintiff re-alleges and incorporates by reference all the allegations set forth in the precedent paragraphs as if fully stated at length herein.

21. This is an action for negligent violation of the FCRA 15 U.S.C. § 1681 *et seq.*

22. Defendant has negligently failed to comply with the FCRA. The failures of the Defendant to comply with the FCRA include but are not necessarily limited to the following:

   a. The failure to follow reasonable procedures to assure maximum accuracy of the information reported;

   b. The failure to correct erroneous personal information regarding the Plaintiff at after a reasonable request by Plaintiff;

   c. The failure to remove and/or correct the inaccurate and derogatory information after a reasonable request by Plaintiff;

   d. The failure to promptly and adequately investigate information which Defendant had notice was inaccurate;

   e. The continual placement of inaccurate information into the consumer report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

  f. The failure to note in the consumer report that Plaintiff disputed the accuracy of the information;

  g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant to delete; and

  h. The failure to take adequate steps to verify the information Defendant had reason to believe was inaccurate before including it in the background check report of the consumer.

23. As a result of Defendant's negligent violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities; loss of time and money trying to establish to the prospective employer that the criminal record was reported inaccurately; the expenditure of labor and effort to secure the court records and provide them to the prospective employer; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

24. Defendant violated 15 U.S.C. § 1681e(b) in that its conduct, actions and inaction were negligent, rendering them liable for actual damages, statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

25. Plaintiff is entitled to recover statutory damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

## SECOND CAUSE OF ACTION
### Violation of the Fair Credit Reporting Act
### Willful Violation of 15 U.S.C. § 1681e(b) as to Defendant First Advantage

26. Plaintiff re-alleges and incorporates by reference all the allegations set forth in the precedent paragraphs as if fully stated at length herein.

27. This is an action for willful violation of the FCRA 15 U.S.C. § 1681 *et seq.*

28. Defendant has willfully failed to comply with the FCRA. The failures of the Defendant to comply with the FCRA include but are not necessarily limited to the following:

   a. The failure to follow reasonable procedures to assure maximum accuracy of the information reported;

   b. The failure to correct erroneous personal information regarding the Plaintiff at after a reasonable request by Plaintiff;

   c. The failure to remove and/or correct the inaccurate and derogatory information after a reasonable request by Plaintiff;

   d. The failure to promptly and adequately investigate information which First Advantage had notice was inaccurate;

   e. The continual placement of inaccurate information into the consumer report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

   f. The failure to note in the consumer report that Plaintiff disputed the accuracy of the information;

   g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant to delete; and

   h. The failure to take adequate steps to verify the information Defendant had reason to believe was inaccurate before including it in the background check report of the consumer.

29. As a result of Defendant's willful violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities; loss of time

and money trying to establish to the prospective employer that the criminal record was reported inaccurately; the expenditure of labor and effort to secure the court records and provide them to the prospective employer; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

30. Defendant violated 15 U.S.C. § 1681e(b) in that its conduct, actions and inaction were willful, rendering them liable for actual damages, statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

31. Plaintiff is entitled to recover statutory damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**THIRD CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 USC § 1681k as to Defendant First Advantage**

32. Plaintiff re-alleges and incorporates by reference all the allegations set forth in the precedent paragraphs as if fully stated at length herein.

33. This is an action for negligent violation of the FCRA 15 U.S.C. § 1681 *et. seq.*

34. Defendant has negligently failed to comply with the FCRA. The failures of Defendant to comply with the FCRA include but are not limited to the following:

    a. The failure to notify Plaintiff of potentially adverse information furnished on the background check consumer report published by Defendant;

    b. The failure to maintain up-to-date, complete, and accurate information utilized in preparation of the background check consumer report.

35. As a result of Defendant's negligent violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities; loss of time and money trying to establish to the prospective employer that the criminal record was

reported inaccurately; the expenditure of labor and effort to secure the court records and provide them to the prospective employer; damage to his reputation; loss of sleep lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including fear, frustration, humiliation, and embarrassment.

36. Defendant violated 15 U.S.C. § 1681k in that its conduct, actions, an inaction were negligent, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

37. Plaintiff is entitled to recover reasonable costs and attorney's fees from First Advantage in an amount to be determined by the Court pursuant to 15 U.S.C. § 168lo.

## FOURTH CAUSE OF ACTION
### Violations of the Fair Credit Reporting Act
### Willful violation of 15 USC § 1681k as to Defendant First Advantage

38. Plaintiff re-alleges and incorporates by reference all the allegations set forth in the precedent paragraphs as if fully stated at length herein.

39. This is an action for willful violation of the FCRA 15 U.S.C. § 1681 *et. seq.*

40. Defendant has willfully failed to comply with the FCRA. The failures of Defendant to comply with the FCRA include but are not limited to the following:

   a. The failure to notify Plaintiff of potentially adverse information furnished on the background check consumer report published by Defendant;

   b. The failure to maintain up-to-date, complete, and accurate information utilized in preparation of the background check consumer report.

41. As a result of Defendant's willful violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities; loss of time and money trying to establish to the prospective employer that the criminal record was reported inaccurately; the expenditure of labor and effort to secure the court records and provide them to

the prospective employer; damage to his reputation; loss of sleep lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including fear, frustration, humiliation, and embarrassment.

42. Defendant violated 15 U.S.C. § 1681k in that its conduct, actions, an inaction were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

43. Plaintiff is entitled to recover reasonable costs and attorney's fees from in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln.

## **DEMAND FOR A TRIAL BY JURY**

44. Plaintiff requests a jury trial on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff seeks judgment against Defendant as follows:

1. Awarding Plaintiff actual damages provided and pursuant to 15 U.S.C. § 1681o from Defendant First Advantage;

2. Awarding Plaintiff statutory damages provided and pursuant to 15 U.S.C. § 1681n from Defendant First Advantage;

3. Awarding Plaintiff punitive damages provided and pursuant to 15 U.S.C. § 1681n from Defendant First Advantage; and

4. Awarding Plaintiff any such other and further relief, as well as further costs, expenses, and disbursements of this action as this Court may deem just and proper.

DATED: October 23, 2023                             Respectfully Submitted,

**JAFFER & ASSOCIATES PLLC**

*/s/ Shawn Jaffer*
**Shawn Jaffer**
State Bar No. 24107817
5757 Alpha Road, Suite 580
Dallas, Texas, 75240
Phone: (214) 945-0000
Fax:    (888) 509- 3910
E-mail: sdtx@jaffer.law
***Attorneys for Plaintiff***